# IN THE COURT OF APPEALS OF IOWA

No. 17-0128
Filed December 20, 2017

**RICKY ANTHONY BRANDES,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Chickasaw County, Margaret L. Lingreen, Judge.

　　An applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

　　Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

　　Considered by Danilson, C.J., Doyle, J., and Blane, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Ricky Brandes was convicted of kidnapping in the first degree in 2006. His conviction was affirmed on appeal. *See State v. Brandes*, No. 06-0576, 2007 WL 4553478, at *7 (Iowa Ct. App. Dec. 28, 2007). He filed an application for postconviction relief (PCR), which was denied; the denial was, too, affirmed on appeal. *See Brandes v. State*, No. 11-0941, 2012 WL 5598523, at *4 (Iowa Ct. App. Nov. 15, 2012).

Brandes filed this second PCR application on April 11, 2016. A PCR application is untimely if filed more than three years after the writ of procedendo issues following an applicant's direct appeal. *See* Iowa Code § 822.3 (2016). The writ here issued in early 2008. Brandes's application is thus untimely unless he can show "a ground of fact or law that could not have been raised within the applicable time period." *Id.* The district court ruled Brandes's application was untimely. He now appeals.

Brandes appears to suggest three possibilities to render his application timely. The first is a competency examination. We see no reason why a competency examination could not have been raised within the applicable time period, and Brandes makes no real argument that it could not have been raised. This is insufficient to overcome the time-bar for PCR applications.

The second possibility Brandes suggests is that testimony of a co-defendant would provide a new ground of fact or law. Again, we fail to see why this could not have been raised within the applicable time period. Brandes again fails to make any argument in support of his contention. We reject this argument.

The third possibility Brandes suggests is that a supreme court case, *State v. Robinson*, 859 N.W.2d 464 (Iowa 2015), provides a new ground of fact or law. Broadly speaking, Brandes argues *Robinson* changed the framework for analyzing kidnapping cases in a way that could have impacted his case. *See Robinson*, 859 N.W.2d at 467–83 (discussing history of kidnapping analysis). We disagree. *Robinson* did not announce a new rule; it merely clarified an existing rule. *See Grayson v. State*, No. 15-1382, 2016 WL 6652357, at *2 (Iowa Ct. App. Nov. 9, 2016); *Hampton v. State*, No. 15-1802, 2016 WL 2743451, at *1 (Iowa Ct. App. May 11, 2016). Clarifications of existing law do not constitute new grounds of fact or law for PCR purposes. *See Perez v. State*, 816 N.W.2d 354, 360–61 (Iowa 2012).

Brandes has presented no new ground of fact or law. His application is therefore untimely. We affirm.

**AFFIRMED.**